FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 NOV -4 P 3: 15

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

GORDON ANTHONY,

    Plaintiff, on behalf of himself and
all similarly situated individuals,

v.

FULL CITIZENSHIP OF
MARYLAND, INC.,

    Defendant.

Case No.: GJH-15-977

* * * * * * * * * * * * * *

## MEMORANDUM OPINION

Gordon Anthony, on behalf of himself and those similarly situated, has sued his former employer, Full Citizenship of Maryland, Inc. ("Full Citizenship" or "Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.* Plaintiff brings his FLSA claim as a potential collective action pursuant to 29 U.S.C. § 216(b), and his MWHL and MWPCL claims as a potential class action pursuant to Federal Rule of Civil Procedure 23(b)(3) ("Rule 23"). Pending before the Court are three motions. The issues are sufficiently briefed and no hearing is necessary. *See* L.R. 105.6. For the reasons that follow, Plaintiff's Motion for Leave to Immediately Commence Early, Limited Discovery (ECF No. 21) is DENIED as moot; Plaintiff's Motion for Conditional Certification of FLSA Collective Action and Court-Facilitated Notice (ECF No. 28) is GRANTED, and Defendant's Motion to

Dismiss and/or Strike Plaintiff's Rule 23 Class Action Allegations and Request for Hearing (ECF No. 33) is DENIED.

I. **Background**

Defendant Full Citizenship is a Maryland company that provides support and training services to adult individuals with disabilities (referred to as "consumers") in Prince George's County and Montgomery County. ECF No. 11 at ¶ 11. Plaintiff worked for Defendant as a vocational counselor. *Id.* at ¶ 12. As a vocational counselor, Plaintiff's primary job duties involved picking up consumers from their homes, transporting them to various worksites, and monitoring and assisting them in their janitorial work at their worksites. *Id.* at ¶ 14. Plaintiff also provided in-home services to consumers, which consisted of cooking, cleaning and ensuring that consumers were taking any prescribed medication. *Id.* at ¶ 17. Plaintiff worked for Defendant from June 6, 2010 to March 7, 2015. *Id.* at ¶ 13.

Defendant divided Plaintiff's wages into two primary categories, "Regular" and "Relief," which respectively represented his time with consumers at their jobsite and his time with consumers at their homes. *Id.* at ¶¶ 22-24. During the course of his employment, Plaintiff's compensation for Regular hours were increased over time from $9.60 per hour to $10.65 per hour. *Id.* at ¶ 25. For Plaintiff's Relief hours, Defendant always paid Plaintiff $9.00 per hour. *Id.* at ¶ 26. Plaintiff alleges that Defendant never paid Plaintiff overtime compensation for overtime hours he worked. *Id.* at ¶ 27. For purposes of his Motion for Conditional Certification, Plaintiff also alleges that all of Defendant's vocational counselors performed the same job, worked more than 40 hours per week and were paid according to the same policy. ECF No. 28 at 2-3. To support this allegation, Plaintiff has submitted an affidavit, sample paystubs, a sample job posting and a copy of Defendant's Personnel Policies. ECF No. 28-1; ECF No. 28-2; ECF No. 28-3; ECF No. 28-4.

Plaintiff filed his Complaint on April 5, 2015, ECF No. 1, and filed an Amended Complaint on May 26, 2015, ECF No. 11. On July 22, 2015, Plaintiff filed a Motion for Leave to Immediately Commence Early, Limited Discovery. ECF No. 21. On August 19, 2015, Plaintiff filed a Motion for Conditional Certification of FLSA Collective Action and Court-Facilitated Notice. ECF No. 28. In its response to Plaintiff's motion, Defendant included a Motion to Dismiss and/or Strike Plaintiff's Rule 23 Class Action Allegations and Request for Hearing. ECF No. 33.

## II. Discussion

### A. Conditional Certification

First, the Court considers Plaintiff's Motion for Conditional Certification of FLSA Collective Action and Court-Facilitated Notice (ECF No. 28). "Under the FLSA, plaintiffs may maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216(b)." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008). Section 216(b) provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). "This provision establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros*, 532 F. Supp. 2d at 771 (citing *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)).

"When deciding whether to certify a collective action pursuant to the FLSA, courts generally follow a two-stage process. In the first stage, commonly referred to as the notice stage, the Court makes a threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to the putative

class members would be appropriate." *Flores v. Unity Disposal & Recycling, LLC*, No. GJH-15-196, 2015 U.S. Dist. LEXIS 43889, at *6-7 (D. Md. Apr. 2, 2015) (internal citations and quotation marks omitted). In the notice stage,

> Determinations of the appropriateness of conditional collective action certification are left to the court's discretion. The threshold issue in determining whether to exercise such discretion is whether Plaintiffs have demonstrated that potential opt-in plaintiffs are "similarly situated." "Similarly situated" does not mean "identical." Rather, a group of potential FLSA plaintiffs is "similarly situated" if its members can demonstrate that they were victims of a common policy, scheme, or plan that violated the law. To satisfy this standard, Plaintiffs generally need only make a relatively modest factual showing that such a common policy, scheme, or plan exists.
>
> To meet this burden and demonstrate that potential class members are "similarly situated" Plaintiffs must set forth more than vague allegations with meager factual support regarding a common policy to violate the FLSA. Their evidence need not, however, enable the Court to determine conclusively whether a class of "similarly situated" plaintiffs exists, and it need not include evidence that the company has a formal policy of refusing to pay overtime. Plaintiffs may rely on affidavits or other means, such as declarations and deposition testimony, to make the required showing.

*Id.* at *7-8 (internal citations and quotation marks omitted). Here, Plaintiff has submitted an Affidavit of Gordon Anthony, ECF No. 28-1, Plaintiff's paystubs, ECF No. 28-2, the Vocational Counselor job description, ECF No. 28-3, and an excerpt from Defendant's Policy Manual, ECF No. 28-4, to corroborate Plaintiff's assertion that the putative class is similarly situated.

Defendant cites to *D'Anna v. M/A-COM, Inc.* for its assertion that the "mere listing of names, without more, is insufficient absent a factual showing that the potential plaintiffs are 'similarly situated.'" *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995). However, Plaintiff has presented more than a "listing of names." Plaintiffs have made a sufficient factual showing that the putative class members were all vocational counselors, performed the same job duties at the same worksites, had similar schedules, and were subjected to the same payment scheme. *See* ECF No. 28 at 6-8. Thus, Plaintiffs have made a "relatively modest factual

showing" that a common policy, scheme, or plan exists. *Marroquin v. Canales*, 236 F.R.D. 257, 259 (D. Md. 2006).

Additionally, Defendant's arguments that Plaintiff and the putative class were exempt employees under FLSA, ECF No. 33 at 7, and performed two separate and distinct jobs, ECF No. 33 at 2, relate "to the merits of certain aspects of Plaintiff['s] claims, which are not appropriate to resolve at the conditional certification stage," *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 572 (D. Md. 2012). Accordingly, the Court GRANTS Plaintiff's motion for conditional certification.[1]

### B. Court-Facilitated Notice

District courts have "broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs. The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that potential Plaintiffs can make informed decisions about whether to participate." *Flores*, 2015 U.S. Dist. LEXIS 43889, at *15-16 (citations omitted). Because Plaintiff has made a preliminary showing that the putative class of Defendant's vocational counselors is similarly situated, notice of this action will be provided in a manner to be agreed upon by the parties. The opt-in period of forty-five days will commence when the notice has been provided to all putative class members. The Court orders counsel for the parties to meet and determine the terms of the notice and method of delivery and submit to the Court, within seven days of the date of entry of this Order, a joint proposed "Notice of Collective Action."[2] If the parties are unable to agree on

---

[1] Plaintiff's Motion for Leave to Immediately Commence Early, Limited Discovery, ECF No. 21, is DENIED as moot. Discovery was not necessary for the Court's consideration of the present motion and the Court will convene a scheduling call within fourteen days of this Order to initiate merits discovery in this case.

[2] In his reply in support of his Motion for Conditional Certification, Plaintiff makes what could be characterized as a counter-proposal regarding the method and content of the notice. ECF No. 37-1. It is unclear if this issue is now resolved or if court-intervention may still be required.

the terms of the notice, each party should submit their proposed notices for the Court's decision, within the same seven days, along with a memorandum to the Court explaining why the parties were unable to reach an agreement.

### C. Motion to Dismiss Fed. R. Civ. P. 23(b) claim

Defendant contends that the class action allegations should be dismissed at this early stage because it is not the superior method for adjudicating this controversy and having both "an 'opt out class action' with an FLSA 'opt in collective action' would lead to confusion to potential class members, both for notice and trial purposes." ECF No. 33 at 11-12; *see also* ECF No. 38 at 1-7. Defendant's motion is premature.

"There is nothing in the Fair Labor Standards Act that prohibits states from creating a parallel scheme to protect employees' wage rights, or that prevents employees from maintaining FLSA claims and MWHL claims in the same suit." *Banks v. Wet Dog, Inc.*, No. RDB-13-2294, 2014 U.S. Dist. LEXIS 119913, at *12 (D. Md. Aug. 28, 2014) (citations omitted). "If the Plaintiffs elect to move for class certification, as well as for conditional certification of a collective action, any possible issues that arise with respect to a hybrid action under both the FLSA and Rule 23 will be addressed at the appropriate juncture." *Id.* at *11. "While the Fourth Circuit has not directly addressed the question of whether the FLSA preempts state statutory regulation of overtime wages, courts in this district and other circuits have addressed the issue and have held that it does not." *Butler*, 800 F. Supp. 2d at 671.

There are several examples in the District of Maryland of both claims proceeding simultaneously, including situations where both a collective action and a Rule 23 class action were maintained. *See Banks v. Wet Dog, Inc.*, 2014 U.S. Dist. LEXIS 119913, at *11-12 (rejecting defendants' argument that plaintiffs' FLSA claims preempted their MWHL class action claims); *Edelen v. Am. Residential Servs., LLC*, No. DKC 11-2744, 2013 U.S. Dist.

LEXIS 102373, at *12, *20 (D. Md. July 22, 2013) (granting final certification of a 23(b) class and a FLSA collective class); *Quickley v. Univ. of Md. Med. Sys. Corp.*, No. CCB-12-321, 2012 U.S. Dist. LEXIS 131280, at *16-17 (D. Md. Sept. 14, 2012) (denying defendants' motion to dismiss plaintiff's FLSA, MWHL, and MWPCL claims); *Butler*, 800 F. Supp. 2d at 674 (ruling that a collective action under FLSA can be accompanied by a Rule 23 class action asserting state law based claims).

The Plaintiffs have sufficiently alleged a Rule 23 class action in their Amended Complaint. *See* ECF No. 11 at ¶¶ 52-84. At the appropriate juncture, the Court will set a schedule to determine whether Plaintiff's claims meet the requirements of Rule 23. The mere fact that Plaintiff wishes to pursue both a FLSA collective action and a Rule 23 class action is not a sufficient reason to dismiss the latter. Defendant's remaining arguments are best addressed after discovery. As such, Defendant's Motion to Dismiss and/or Strike Plaintiff's Rule 23 Class Action Allegations is DENIED.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion for Leave to Immediately Commence Early, Limited Discovery is DENIED as moot, Plaintiff's motion for conditional certification is GRANTED, and Defendant's Motion to Dismiss and/or Strike Plaintiff's Rule 23 Class Action Allegations is DENIED. Additionally, the Court ORDERS counsel for the parties to meet and determine the terms of the notice and submit to the Court, within seven days of the date of entry of this Order, a joint proposed "Notice of Collective Action" or separate memorandums explaining areas of disagreement.

Dated: November 4, 2015

GEORGE J. HAZEL
United States District Judge